UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tyrone Franklin Ward,

              Plaintiff,

v.

Minnesota Department of Human
Services and Minnesota Security Hospital,

              Defendants.

Case No. 21-cv-2504 (DSD/TNL)

**REPORT AND RECOMMENDATION**

---

Plaintiff Tyrone Franklin Ward, a civil detainee of the State of Minnesota, commenced this action by filing a complaint alleging that employees of the Minnesota Department of Human Services and the Minnesota Security Hospital (where he is detained) violated his constitutional rights by using excessive force and subsequently providing inadequate medical care. *See generally* Compl. [ECF No. 1]. In an order dated December 7, 2021, this Court explained that the complaint submitted by Ward failed to state a claim on which relief could be granted against a defendant amenable to suit. *See* ECF No. 4.

There were two problems with the pleading submitted by Ward. First, neither the Minnesota Department of Human Services nor the Minnesota Security Hospital are defendants amenable to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). If Ward intended to proceed with this action, he would have to name at least one appropriate person or entity as a defendant. Second, the factual allegations in the

1

very short complaint were insufficient to establish that Ward's constitutional rights had been violated, even if those factual allegations were later proved to be correct. As this Court explained, without further allegations that would establish that the use of force was unreasonable under the circumstances, *see Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009), or that state officials acted with the necessary intentionality to constitute deliberate indifference, *see Jackson v. Buckman*, 756 F.3d 1060, 1065-66 (8th Cir. 2014), the Court could not find that Ward has stated a claim on which relief may be granted under § 1983. Rather than recommend dismissal of this action, however, Ward was afforded an opportunity to file an amended complaint that corrected these deficiencies.

Ward has since submitted a one-page document that is labeled as both a "complaint" and a "letter" to this Court. *See* Am. Compl. [ECF No. 5]. This document, though not a complete pleading, *see* Fed. R. Civ. P. 8(a), includes further factual allegations regarding the events at issue. Litigants in this District are generally not permitted to file supplemental pleadings; instead, an amended pleading usually must be complete in itself and may incorporate prior pleadings by reference. *See* D. Minn. L.R. 15.1(a). Given the brevity of the two documents, however, this Court will interpret the original complaint [ECF No. 1] and Ward's letter [ECF No. 5] jointly as the operative pleading in this matter.

Ward has submitted an application to proceed *in forma pauperis* ("IFP"), *see* ECF No. 2, and although Ward qualifies financially for IFP status, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

2

Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Both problems previously identified by this Court continue with the amended pleading. The amended pleading does not add any new defendant to this action, and therefore the lone opposing parties to this case remain the Minnesota Department of Human Services and the Minnesota Security Hospital. Each is an arm of the State of Minnesota itself, but the State of Minnesota is not amenable to suit under § 1983. *See, e.g., Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Neither are its departments or agencies. *Id.* And public detention facilities — as opposed to the employees of those facilities, or in some cases the governmental entities that operate those facilities — are not legal entities amenable to suit at all. *See De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Without an appropriate defendant, this matter cannot go forward.

Even if Ward had named an appropriate defendant, however, dismissal of this action would be warranted for failure to state a claim on which relief may be granted. With respect to the excessive-force claim, both the complaint and Ward's supplement to the complaint

3

make clear that officials used force in breaking up a fight between Ward and another detainee. Neither document, however, includes sufficient factual allegations to establish that the force was *unreasonable* under the circumstances. *See Brown*, 574 F.3d at 496 ("To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances."). The use of force alleged by Ward — that officials of the security hospital "maneuvered" his legs, Compl. at 2; grabbed his feet, and pulled him "forcefully," Am. Compl. ¶ 3 — is not, on its face, plainly outside the boundaries of what would reasonably be required to meet the circumstance faced by hospital officials (breaking up a fight between detainees). Moreover, that Ward suffered an injury to his knee due to the use of force does not, by itself, establish that the force was objectively unreasonable. *See, e.g.*, *Ryan v. Armstrong*, 850 F.3d 419, 428 (8th Cir. 2017).

Ward's deliberate-indifference claim is also inadequately pleaded. Ward alleges that the medical procedures he has undergone since the time of the incident, including surgery, have not alleviated his knee pain. To establish deliberate indifference, however, Ward must show that state officials have disregarded his medical needs, not merely failed to alleviate those needs. *See Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1118 (8th Cir. 2007). Both the pleading itself and the documents attached as exhibits to the pleading make clear that state officials have *not* ignored the injury suffered by Ward; indeed, as Ward himself acknowledges, he received surgery for the injury not long after the incident at issue. Ward may believe that state officials could have done better in

treating his injury, but he has not alleged facts that, if later proved true, would demonstrate that those officials were deliberately indifferent to the injury.

For all of these reasons, it is recommended that this action be dismissed without prejudice and that the IFP application submitted by Ward be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Tyrone Franklin Ward [ECF No. 2] be **DENIED**.

Date: January  5  , 2022

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Ward v. Minnesota Department of Human Services et al.*
Case No. 21-cv-2504 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).